IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            )
                                    )
        vs.                         )    Criminal No. 05-388
                                    )
RICHARD REICHERT,                   )
                                    )
        Defendant.                  )

### TENTATIVE FINDINGS AND RULINGS CONCERNING DISPUTED FACTS OR FACTORS

BLOCH, District J.

      Defendant waived indictment and plead guilty to a one-count information which charged him with possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B).

      Pursuant to Local Criminal Rule 32.1, counsel for the Government and for Defendant each had an opportunity to submit objections to the Presentence Investigation Report (PIR) and Addendum thereto prepared by the probation officer.  In this case, counsel for both the Government and Defendant have indicated that neither party has objections to the sentencing factors as set forth in the PIR.

      Thus, the Court has calculated its tentative findings accordingly.

**Result**[1]

    1.  Defendant's base offense level is 18.  USSG § 2G2.2.

    2.  Defendant's base offense level shall be increased by 2 levels because Defendant used a computer for the possession, transmission, receipt, or distribution of the material involved. USSG § 2G2.2(b)(6).

    3.  Defendant's adjusted offense level is, therefore, 20.

    4.  Defendant's adjusted offense level shall be increased by 3 levels because the instant offense involved at least 150 but less than 300 images.  USSG § 2G2.2(b)(7)(B).

    5.  Defendant's adjusted offense level shall be decreased by 2 levels because Defendant has accepted responsibility for his criminal conduct. USSG § 3E1.1(a).

    6.  Defendant's offense level shall be decreased 1 additional level since the offense level is 16 or greater and the Defendant timely notified the authorities of his intention to plead guilty.[2]  USSG § 3E1.1(b).

    7.  Defendant's total adjusted offense level is, therefore, 20.

---

1.   The Court notes that the following findings are made pursuant to the Federal Sentencing Guidelines, which, after the Supreme Court holding in <u>United States v. Booker</u>, are merely advisory upon this Court.

2.   The Court notes that the Government, in its Position with Respect to Sentencing Factors, moved to reduce Defendant's offense level pursuant to Section 3E1.1(b) of the Guidelines.

8. Defendant's total criminal history score is zero, resulting in a criminal history category of I. USSG, Chapter 5, Part A

9. Defendant is, therefore, subject to a sentence of imprisonment ranging from thirty-three (33) to forty-one (41) months. USSG, Chapter 5, Part A.

10. Defendant is subject to a term of supervised release of at least two (2) years and may be up to life.[3]  18 U.S.C. § 3583(k); USSG §§ 5D1.2(a)(2) and (b)(2).

11. Defendant is not eligible for probation. 18 U.S.C. § 3561(c)(1); USSG §§ 5B1.1 Application note 2 and 5C1.1(f).

12. Defendant is subject to a fine ranging from $7,500 to $75,000, subject to his ability to pay. USSG § 5E1.2(c)(3).

13. Defendant must pay a special assessment of $100. 18 U.S.C. § 3013.

14. Restitution is not an issue in this case.

                                    s/Alan N. Bloch
                                    United States District Judge

Date:    April 11, 2006

cc/ecf:  Asst. U.S. Atty. Tina Miller
         Stephen Greenberg, Esquire
         U.S. Probation Office

---

3.  The Court notes that the Guidelines specifically recommend the statutory maximum term of supervised release in a sex offense case. USSG § 5D1.2(b).