Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Richard Reichert     Docket No. 05-00388-001

## Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Richard Reichert, who was placed on supervision by the Honorable Alan N. Bloch sitting in the Court at Pittsburgh, Pennsylvania, on the 20th day of April 2006, who fixed the period of supervision of Life and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall participate in a mental health treatment program and/or sex offender treatment program as directed by the probation officer.
- Shall register as a convicted sex offender in any state where he resides, is employed, carries on vocation, or is a student.
- Shall pay a special assessment of $100.
- The defendant is permitted to possess or use a computer and is allowed access to the Internet. However, the defendant shall consent to installation of computer monitoring software.

04-20-2006:   Possession of Material Depicting the Sexual Exploitation of Minor; sentenced to a term of imprisonment of 36 months, followed by a Life term of supervised release.
08-15-2008:   Released to supervision. Currently being supervised by U.S. Probation Officer Muhammad AbdoolRaman.
10-28-2008:   Conditions of Supervision modified to allow computer access with computer monitoring condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

The defendant began serving his term of supervised release on August 15, 2008.

Your Petitioner reports that the Probation Office now utilizes software technology that enhances supervision efforts for closer monitoring of a defendant's use of computers, electronic communications, and data storage devices. This software can also prevent access to particular materials over the Internet. In addition, it is required that the defendant register under the Sex Offender Registration and Notification Act. Further, the defendant is to comply with a search condition.

The defendant has signed a Probation Form 49, Waiver of Hearing to Modify Conditions of Supervised Release, which authorizes the imposition of these additional special conditions of supervision.

**PRAYING THAT THE COURT WILL ORDER the term of supervision be modified to include the following conditions:**

The defendant shall participate in a mental health treatment program and/or sex offender treatment program, approved by the probation officer. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if he is in compliance with the conditions of release.

With the exception of brief, unanticipated, and incidental contacts, the defendant shall not associate with children under the age of 18 except for family members or children in the presence of an adult who has been approved by the probation officer.

As required by 18 U.S.C. §§ 3563 (a) (8) and 3583 (d), and the Sex Offender Registration and Notification Act (SORNA, 42 U.S.C. § 16901 et seq.), the defendant shall report the address where he will reside and any subsequent change of residence to the probation officer responsible for defendant's supervision, and further shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student.

The defendant is permitted to possess and/or use a computer and is allowed access to the Internet. However, the defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant shall consent to the installation of any hardware/software to monitor any computer, or other electronic communication or data storage devices used by the defendant to confirm the defendant's compliance with this condition. The defendant shall pay the monitoring costs as directed by the probation officer. Furthermore, the defendant shall consent to periodic unannounced examinations by the probation officer of any computers, cell phones, or other electronic communication or data storage devices that the defendant has access to, to confirm the defendant's compliance with this condition.

If the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation officer, at the defendant's employment, provided the defendant notifies his or her employer of the nature of his or her conviction (charge). The probation officer shall confirm the defendant's compliance with this notification requirement.

The defendant shall provide the U.S. Probation Office with accurate information about his/her entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). The defendant also shall abide by the provisions of the U. S. Probation/Pretrial Office's Computer Restrictions and Monitoring Program.

The defendant shall submit his person, property, house, residence, vehicle, papers, business or place of employment, to a search, conducted by a United States probation/pretrial services officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall not possess any materials, including pictures, photographs, books, writings drawings, videos, or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256(8).

U.S.A. vs. Richard Reichert
Docket No. 05-00388-001
Page 3

| | |
|---|---|
| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |

Considered and ordered this _____ day of _____, 20 ____ and ordered filed and made a part of the records in the above case.

Executed on _____  March 18, 2011

_____
Alan N. Bloch
Senior U.S. District Judge

_____
Muhammad AbdoolRaman
U.S. Probation Officer

_____
Mike DiBiasi
Supervising U.S. Probation Officer

Place:     Pittsburgh, Pennsylvania

PROB 49
(3/89)

# United States District Court

**Western District Of Pennsylvania**

**Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision**

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall participate in a mental health treatment program and/or sex offender treatment program, approved by the probation officer. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if he is in compliance with the conditions of release.

With the exception of brief, unanticipated, and incidental contacts, the defendant shall not associate with children under the age of 18 except for family members or children in the presence of an adult who has been approved by the probation officer.

As required by 18 U.S.C. §§ 3563 (a) (8) and 3583 (d), and the Sex Offender Registration and Notification Act (SORNA, 42 U.S.C. §16901 et seq.), the defendant shall report the address where he will reside and any subsequent change of residence to the probation officer responsible for defendant's supervision, and further shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student.

The defendant is permitted to possess and/or use a computer and is allowed access to the Internet. However, the defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant shall consent to the installation of any hardware/software to monitor any computer, or other electronic communication or data storage devices used by the defendant to confirm the defendant's compliance with this condition. The defendant shall pay the monitoring costs as directed by the probation officer. Furthermore, the defendant shall consent to periodic unannounced examinations by the probation officer of any computers, cell phones, or other electronic communication or data

storage devices that the defendant has access to, to confirm the defendant's compliance with this condition.

If the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation officer, at the defendant's employment, provided the defendant notifies his or her employer of the nature of his or her conviction (charge). The probation officer shall confirm the defendant's compliance with this notification requirement.

The defendant shall provide the U.S. Probation Office with accurate information about his/her entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). The defendant also shall abide by the provisions of the U. S. Probation/Pretrial Office's Computer Restrictions and Monitoring Program.

The defendant shall submit his person, property, house, residence, vehicle, papers, business or place of employment, to a search, conducted by a United States probation/pretrial services officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall not possess any materials, including pictures, photographs, books, writings drawings, videos, or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256(8).

Witness: _____ Signed: _____
Muhammad AbdoolRaman                  Richard Reichert
United States Probation Officer       Probationer or Supervised Releasee

3/8/11
Date